UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERAUGHN BROWN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:13-cv-01515-JAR |
| TROY STEELE[1], | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Deraughn Brown's Motion for Evidentiary Hearing (Doc. 11). On August 1, 2013, Petitioner filed the current habeas petition pursuant to 28 U.S.C. § 2254 raising the following two grounds for relief: (1) Plea Counsel was ineffective in failing to adequately explain a meritorious defense available to him and (2) Plea Counsel was ineffective in failing to interview key witnesses who would have aided his defense (Doc. 1 at 5). Petitioner thereafter supplemented his original petition, indicating that his grounds were procedurally defaulted but that he could demonstrate cause for the default because his post-conviction counsel was ineffective for failing to raise these claims (Doc. 5). Petitioner requests a hearing to ensure that he has a full and fair opportunity to develop his claims to prove his burden in light of *Martinez*. 132 S. Ct. 1309 (2012). Upon consideration, Petitioner's motion will be denied without prejudice.

Under 28 U.S.C. § 2254(e)(2), a federal district court may not grant an evidentiary

---

[1] Petitioner is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Troy Steele is the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings . . . [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when the merits of petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992). At this stage of the litigation, it appears that the state court record contains sufficient facts to make an informed decision on the merits of petitioner's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 11) is **DENIED without prejudice.**

Dated this 27th day of March, 2015.

                                               **JOHN A. ROSS**
                                               **UNITED STATES DISTRICT JUDGE**