UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DERAUGHN BROWN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:13-cv-01515-JAR |
| TERRY RUSSELL, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Deraughn Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government has responded (Doc. 7), and Petitioner has filed a reply (Doc. 9), a supplement to his reply (Doc. 21), and a traverse to his reply (Doc. 32). For the following reasons, Petitioner's section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice**.

### I. Introduction and Background

In October 2007, Petitioner was indicted on four felony counts arising out of the August 6, 2007 shooting of the Kevin Hodges: one count of assault in the first degree, one count of unlawfully discharging a firearm from a motor vehicle, and two counts of armed criminal action (Resp. Ex. B at 92-93). Represented by counsel ("trial counsel") and without a written plea agreement, Petitioner pled guilty to all four counts in January 2009 (Id. at 94-96, 105). At the plea hearing, the prosecutor stated that, at trial, the government would establish that, on August 6, 2007, Petitioner and Hodges had a disagreement in a gas station parking lot; that at some point during the argument, Hodges got out of his car while Petitioner remained seated in the driver's seat of his car; and that Petitioner then shot Hodges in the shoulder, causing him serious physical

injury, a substantial risk of death, and protracted loss of use of his arm (Id. at 112-13). Petitioner admitted those facts were substantially true and correct (Id. at 113). Further, in response to questioning, Petitioner indicated that he had been afforded sufficient opportunities to discuss the case with trial counsel, that he was satisfied that trial counsel was informed of all the facts she needed to know to adequately advise him in the case, that trial counsel had advised him of all aspects of the case, including his legal rights, and that he was satisfied with trial counsel's services (Id. at 108-09). At a March 2009 hearing, the court sentenced Petitioner to eighteen years in prison on each count, with the sentences to be served concurrently. After imposing the sentence, the court inquired of Petitioner whether he was satisfied with trial counsel's representation. Petitioner responded negatively, stated that he was disappointed with "everything" and the "whole situation," and indicated that trial counsel had not investigated all of the witnesses to the shooting (Id. at 100-04).

Petitioner thereafter filed a pro se motion to set aside his conviction, which the parties alternately refer to as filed pursuant to Rule 24.035, Rule 29.07, and Rule 29.15 ("post-conviction motion"), arguing, as relevant, that trial counsel had been ineffective by failing to interview key witnesses and by misadvising him about the length of the sentence he would receive if he pled guilty (Id. at 5-11). Petitioner was appointed counsel ("motion counsel"), who amended his post-conviction motion to raise two issues: that Petitioner's convictions violated double jeopardy, and that trial counsel had misadvised Petitioner as to the sentence he would receive upon his guilty plea. Notably, motion counsel omitted Petitioner's claim that trial counsel had been ineffective by failing to investigate key witnesses to the shooting (Id. at 12, 17-47).

The state court held an evidentiary hearing on the issue of whether trial counsel had misadvised Petitioner as to the length of the sentence he would receive upon his guilty plea

(Resp. Ex. A). Trial counsel testified to the following relevant facts. Before she advised Petitioner to enter a blind plea, she had reviewed the police report and all other evidence the government had disclosed to her, and she had correctly advised him of the ranges of punishments he faced if he pled guilty. She felt that Petitioner may have had a viable affirmative defense of imperfect self-defense based on "sudden passion." She did not believe he could prevail on a complete self-defense claim because there were "a lot of initial aggressor problems," as Petitioner had introduced a loaded weapon into what might have been a mere "fist fight." She had planned to proceed to trial with an imperfect-defense theory, relying on the testimony of a witness who had been a passenger in Petitioner's car during the shooting. However, trial counsel later learned that Petitioner had misrepresented the nature of his relationship with the witness, discovered that the government had significant evidence it would use to impeach the witness at trial, and decided—based on Petitioner's misrepresentations and his performance during mock testimony—that Petitioner was not credible and would not be a good witness. Trial counsel then suggested that Petitioner reject the government's then-pending offer to recommend a twenty-five-year sentence, and that he instead enter a blind plea, based on her belief that the court would impose a sentence shorter than twenty-five years. According to trial counsel, Petitioner may have asked her about lesser-included offenses, but she advised him "[t]hat's not going to be a relevant consideration for you and I, because in a blind plea situation, you have to plead to whatever's on the table, there's not going to be an amendment or reduction of the charge, there can't be, so that's a moot conversation" (Id. at 5-35). Petitioner testified that he had informed trial counsel that he was not interested in accepting the government's offer to recommend a twenty-five year sentence because he believed he had shot Hodges in self-defense, and that trial counsel had not communicated to him her concerns about proceeding to trial on a self-defense theory (Id. at 38,

3

42-43, 45). The court denied Petitioner's post-conviction motion, finding trial counsel's testimony credible and Petitioner's testimony not credible. The Missouri Court of Appeals summarily affirmed the denial. See Brown v. State, 395 S.W. 3d 83, 2013 WL 1412106 (Mo. App. 2013) (per curiam).

Petitioner then filed his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he later supplemented (Docs. 1, 5). In his petition, supplement to his petition, and supporting memoranda, he alleges the following relevant facts. On August 6, 2007, Petitioner shot Kevin Hodges in the shoulder while the two men argued in the parking lot of a gas station. Law enforcement officers responded to the scene, and completed a police report which named three witnesses to the shooting (Doc. 1-1 at 14-17). The report included as a witness Keith Henderson, a clerk at the gas station, and provided his telephone number and home address. The report also indicated that police officers had seized as evidence an orange plastic handsaw with an eleven-inch metal blade found at the scene (Id. at 17). According to Petitioner, Hodges was "brandishing" a weapon (i.e., the handsaw with an eleven-inch blade), as he approached Petitioner's car, and that he shot Hodges out of "terror," in self-defense, and as a result of "sudden passion" (Id. at 9-10).

In his sole ground for relief, he claims that trial counsel was ineffective by failing to adequately explain a potentially meritorious defense, i.e. an incomplete self-defense based on "sudden passion arising from adequate cause," and by failing to interview a key witness who would have aided that defense (Id. at 4). Petitioner concedes that his claim was procedurally defaulted in his state post-conviction proceeding, in light of the omission of the claim from his amended post-conviction motion. Petitioner asks the Court to excuse the default, arguing that motion counsel was ineffective by failing to consult with him before amending his post-

4

conviction motion to omit the claim (Doc. 1 at 5, 14). In a supporting memorandum, Petitioner concedes that he would have been unable to establish a complete self-defense claim because he did not try to retreat before he shot Hodges (Doc. 1.1 at 9). Attached to Petitioner's memorandum is an affidavit from Henderson, dated January 4, 2013, in which he attested to the following:

> I witnessed the incident that occurred at my job at the Mobil gas station on August 6, 2007 while wiping windows. I noticed two cars with two or three young people who were confronting one another at the intersection of the Mobil station. At that very moment two guys exited the back doors of the Ford car and began circling around behind the dark blue car. There I saw the driver of the Ford car, a black guy, exit out with a chrome colored object in his hand approaching the dark blue vehicle in a threatening manner. I heard at least one shot fired and seen the dark blue car drive off.
>
> If I had been contacted to appear in court to testify as a witness who observed this situation, I would have come.

(Doc. 1-1 at 19).

In response, the Government argues that Petitioner's claim is procedurally defaulted, as it was omitted from his amended post-conviction motion; that motion counsel was not ineffective by omitting the claim from the amended motion in order to proceed with claims on which Petitioner was more likely to prevail; and that Petitioner is not entitled to 28 U.S.C. § 2254 relief on his underlying claim because trial counsel was not ineffective by failing to interview Henderson. The Government further argues that, even assuming that trial counsel was ineffective by not interviewing Henderson, Petitioner cannot show that he was prejudiced by such failure, as it is unlikely that he would have proceeded to trial--and risked higher sentences on the other three counts--on the off chance that a jury would credit his imperfect self-defense theory, acquit him of first-degree assault, and instead convict him of a second-degree assault, the lesser included offense for first-degree assault (Doc. 7).

5

In his pro se reply, Petitioner reiterates his claim that trial counsel and motion counsel were both ineffective, and asserts that he would not have pled guilty had trial counsel interviewed Henderson and properly advised him as to the availability of a lesser-included offense based on a sudden-passion defense (Docs. 9, 21). In a counseled traverse to his reply, filed with the Court on August 1, 2016, Petitioner requests an evidentiary hearing, argues that Petitioner's default of his claim should be excused based on motion counsel's ineffective assistance, asserts that Petitioner would have prevailed on his underlying claim of ineffective assistance of trial counsel because he had a viable sudden-passion defense, and raises for the first time a claim that he had a complete self-defense to all four counts (Doc. 32).

In a sur-reply filed with leave of the Court, the Government reiterates that Petitioner's claim is procedurally defaulted and that he has not established cause for the default; and opposes his request for an evidentiary hearing (Doc. 36). The Government also argues that police officers found—in the backseat of the victim's car—the handsaw that Hodges was allegedly holding as he approached Petitioner's car (Id.; Doc. 1.1 at 18). The Government attached a copy of a handwritten Dellwood Police Department Voluntary Statement, signed by Henderson and dated August 2, 2007, in which he wrote:

> I witnessed 2 cars with 2-3 each of young people who [were] confronting with one another over a certain issue or dispute . . . . [T]he cars [of] both parties arrived [at the gas station] . . . with the 2 parties exchanging words while one was pumping gas, and the other party was not, just residing to side still in verbal dispute. . . . I was working at my job [at the gas station] wiping windows. I recently heard 1-2 shots, and then saw suspect in car drive off, not knowing what direction in which they were headed in.

(Doc. 36.1). The Government also attached copies of an Investigative Report prepared by an officer of the Dellwood Police Department and dated August 7, 2007 (Docs. 36.2; 36.3). In that report, the officer summarized an interview of Henderson, as follows: "Henderson stated while

6

outside washing windows, he heard approximately one to two shots and then observed the suspect's vehicle, drive off in an unknown direction. Henderson observed the suspect's vehicle to be occupied by one black male and one black female." (Docs. 36.2 at 6; 36.3 at 6). For the following reasons, the Court will deny the petition without an evidentiary hearing.

## II. Ineffective Assistance of Trial Counsel

To state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate both that his counsel's performance was deficient and that he was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. Id. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Federal habeas review of a Strickland claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted). There is a strong presumption that counsel's "challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 687 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

In cases where a petitioner has entered a guilty plea, Strickland's prejudice requirement focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997).

Counsel has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Strickland, 466 U.S. at 691. In any claim of ineffective assistance of counsel premised on an alleged failure to investigate, a particular decision by counsel not to investigate must be directly assessed for reasonableness considering all the circumstances, applying "a heavy measure of deference to counsel's judgments." Id. A petitioner is not entitled to habeas relief by merely showing that counsel failed to investigate; rather, he must also show how the missing information would have been used at trial. Witherspoon v. Purkett, 210 F.3d 901, 903-04 (8th Cir. 2000). "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91.

### III. Procedural Issues

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking habeas relief, however, a petitioner is required to bring his claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the State courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254(c). Federal habeas review of a claim is barred where a petitioner has defaulted his federal claims in a state court proceeding pursuant to an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under Missouri procedural rules, claims which are raised in pro se post-conviction motions, but which are not raised or attached to an amended post-

conviction motion, are deemed abandoned. Reynolds v. State, 994 S.W.2d 944, 945-46 (Mo. 1999). Also, in Missouri, claims of ineffective assistance of trial counsel must be raised in post-conviction relief motions, and are not cognizable on direct appeal. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012). This rule is clearly established and regularly followed. Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995). Petitioner did not raise his claim in his amended Rule 29.l5 motion, and it is thus procedurally defaulted.

### A. Cause to Excuse Procedural Default

Federal courts may excuse procedural default of a petitioner's claims, if the petitioner shows either (1) legally sufficient cause for the default and actual prejudice resulting from it; or (2) that failure to review the defaulted claim would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To establish the "cause" requirement, a habeas petitioner must show that an external impediment prevented him from presenting his defaulted claim to the state court. Id. at 753. Ineffective assistance of motion counsel can establish "cause" to excuse procedural default. Martinez v. Ryan, 133 S. Ct. 1309, 1320 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). To establish cause to overcome his default of his claim based on ineffective assistance of motion counsel, Petitioner must show "(1) that post-conviction counsel was 'ineffective under the standards of [Strickland], and (2) 'that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [Petitioner] must demonstrate that the claim has some merit.'" Graves v. Cassady, 2015 WL 5560356, at *8 (E.D. Mo. Sept. 21, 2015) (quoting Martinez, 133 S. Ct. at 1318); see also

Dansby v. Hobbs, 766 F.3d 809, 834 (8th Cir. 2014) (to establish "cause" to excuse procedural default under Martinez, a petitioner must show that his defaulted claim was "substantial" or "potentially meritorious"). For the following reasons, the Court concludes that Petitioner has not established cause for the procedural default of his claim, as he cannot show that he was prejudiced by motion counsel's omission of the claim from his amended post-conviction motion. Martinez, 133 S. Ct. at 1318 (petitioner must show that he was prejudiced by motion counsel's representation); McLaughlin v. Steele, 2016 WL 1106884, at *9 (E.D. Mo. Mar. 22, 2016) (prejudice under Martinez and prejudice under Strickland may be separate inquiries, but they overlap, and may be redundant in some cases).

**B. Prejudice relating to Petitioner's Sudden-Passion Defense**

Petitioner first argues that he would not have entered his guilty plea, and would have proceeded to trial, had trial counsel properly advised him of the strength of his sudden-passion defense; and that at trial, he would not have been convicted of first-degree assault, but would have instead been convicted of the lesser-included offense of second-degree assault. Petitioner faced four counts arising out of the shooting: first-degree assault, unlawful discharge of a firearm from a motor vehicle, and two counts of armed criminal action. The first-degree assault and unlawful discharge of a firearm counts were both Class A felonies, punishable by "a term of years not less than ten years and not to exceed thirty years," or life, in prison. Mo. Rev. Stat. §§ 565.050.2 (first-degree assault is a Class A felony if the defendant inflicted serious physical injury on the victim in the course of the offense), 571.030.9 (unlawful use of weapon by, inter alia, shooting from a motor vehicle), 571.030.8(4) (unlawful use of weapon by shooting from a motor vehicle is punishable as a Class A felony if the violation results in injury or death to another person), 558.011 (range of punishments for Class A felonies). In Missouri, second-

degree assault is a lesser-included offense of first-degree assault. State v. Ramirez, 479 S.W.3d 640, 646 (Mo. App. 2015). Missouri law provides for an incomplete self-defense to first-degree assault where a defendant acted under "sudden passion arising from adequate cause." Mo. Rev. Stat. § 565.060.1(2). Where a defendant establishes that he committed an assault while acting under sudden passion arising from adequate cause, he is guilty of second-degree assault, not first-degree assault. Id. "Sudden passion" is defined as "passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation." Mo. Rev. Stat. § 565.002.7. "Adequate cause" is statutorily defined as "cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control." Mo. Rev. Stat. § 565.002.1. "Words alone, no matter how opprobrious or insulting, are not sufficient to show adequate provocation." State v. Redmond, 937 S.W.2d 205, 208 (Mo. 1996). Second-degree assault is a Class C felony, punishable by no more than seven years in prison. Mo. Rev. Stat. §§ 565.060(3), 558.011.

Unlike first-degree assault, the crime of unlawful discharge of a firearm does not have a lesser-included offense based on sudden passion. See Mo. Rev. Stat. §§ 571.030.1(9) (person commits offense of unlawful discharge of firearm if he knowingly discharges or shoots firearm from a motor vehicle, unless the person was lawfully acting in self-defense), 571.030.5 (§ 571.030.1(9) shall not apply to persons who were engaged in lawful act of self-defense). That is, a defendant cannot rely on a sudden-passion defense to defend against a charge of unlawful discharge of a firearm. Armed criminal action is an unclassified felony, punishable by not less than three years in prison, and up to life in prison. Mo. Rev. Stat. § 571.015.1.

Petitioner argues that he was prejudiced by motion counsel and trial counsel's representation because he would not have pled guilty had he known that he may have been convicted of second-degree assault instead of first-degree assault had he proceeded to trial. Petitioner's argument is unpersuasive. Even if the Court were to assume that Petitioner acted under sudden passion arising from adequate cause when he shot Hodges and that trial counsel would have discovered facts to support a sudden-passion defense had she interviewed Henderson, Petitioner's assertion that he would have foregone his guilty plea and instead would have proceeded to trial on all four counts is contradicted by the record and is inherently incredible. See Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105-06 (8th Cir. 2011) (affirming denial of 28 U.S.C. § 2255 motion without an evidentiary hearing where movant's allegations could not be accepted as true because they were contradicted by the record and inherently incredible). Petitioner admits that he shot Hodges from a motor vehicle, and he concedes that he did not act in complete self-defense. As such, he does not dispute that he was guilty of the unlawful discharge of a firearm count, an offense to which his sudden-passion defense did not apply and for which he faced the same potential sentence he faced as to the first-degree assault count. Petitioner claims, in a conclusory manner, that he would have proceeded to trial on all four counts had he known he could raise a viable sudden-passion defense to his first-degree assault charge. This claim is inherently not credible. The Court further notes that Petitioner's claim relies on an assumption that he would have received a lesser sentence on the remaining counts after a trial, an assumption which is, at best, speculative. Thus, even assuming that Petitioner shot Hodges while under the heat of sudden passion arising from adequate cause, he nevertheless would have been guilty of at least two other counts for which he faced the same or greater punishment and for which he received the same concurrent sentence, i.e. first-degree

assault and the associated count of armed criminal action; petitioner's claim that he would have instead proceeded to trial on all four counts is inherently incredible. The Court therefore concludes that Petitioner's underlying ineffective assistance on trial counsel claim is not substantial because he cannot show that he was prejudiced by trial counsel's representation. He cannot show that he was prejudiced by motion counsel's omission from his amended post-conviction motion a claim of ineffective assistance of trial counsel based on her failure to properly advise him of the viability of his sudden-passion defense. Martinez, 133 S. Ct. at 1318.

The Court further notes that trial counsel appears to have reasonably investigated Petitioner's sudden-passion defense. Strickland, 466 U.S. at 690-91. Trial counsel properly considered the prospect of plea bargaining, accounting for the overwhelming evidence of Petitioner's guilt, his poor performance during mock-testimony, and the impeachment evidence against the primary defense witness. Trial counsel also correctly predicted that Petitioner would receive a more lenient sentence than what the prosecution was offering in plea negotiations if he instead entered a blind plea. Cf. Ford v. Lockhart, 904 F.2d 458, 462 (8th Cir. 1990) (counsel provided reasonably effective assistance of counsel by properly considering the prospect of plea bargaining, the expectation or hope of a lesser sentence, and the convincing nature of the evidence against the accused).

### C. Prejudice relating to Petitioner's Complete Self-Defense Theory

In his counseled traverse, Petitioner claims for the first time that, had trial counsel interviewed Henderson, she would have discovered that he had a viable complete self-defense claim against all four charges, that he would have been acquitted had he gone to trial, and that he would not have entered his guilty plea had trial counsel properly advised him of his strong complete self-defense claim. The Court concludes that Petitioner cannot show that he had a

substantial claim of ineffective assistance of trial counsel based on a failure to advise him of a viable complete self-defense claim after interviewing Henderson. Martinez, 133 S. Ct. at 1318; Hill, 474 U.S. at 59. In Missouri, the use of deadly force is authorized only when a defendant "reasonably believes that such deadly force is necessary to protect himself." Mo. Rev. Stat. § 563.031.2(1).

> Deadly force may be used in self-defense only when there is (1) an absence of aggression of provocation on the part of the defender; (2) a real or apparently real necessity for the defender to kill in order to save himself from an immediate danger of serious bodily injury or death; (3) a reasonable cause for the defender's belief in such necessity; and (4) an attempt by the defender to do all within his power consistent with his personal safety to avoid the danger and the need to take a life.

State v. Chambers, 671 S.W.2d 781, 783 (Mo. 1984).

Petitioner has not shown a reasonable probability that his complete self-defense claim would have succeeded had he insisted on going to trial. Hill, 474 U.S. at 59. Under the undisputed facts of this case, Petitioner cannot meet at least one of the essential elements of complete self-defense: that he did all within his power consistent with his personal safety to avoid the danger that Hodges allegedly presented or the need to use deadly force against him. Chambers, 671 S.W.2d at 783. In his memorandum in support of his petition, Petitioner conceded that a complete self-defense theory was not viable in his case, as he could not establish that he had done all within his power consistently with his own safety to avoid the danger. In his traverse to his reply, he claims that he would have prevailed on a complete self-defense theory had he gone to trial, but does not provide any facts tending to show that he attempted to avoid the danger Hodges presented. Notably, Henderson's affidavit supports Petitioner's concession: according to Henderson, Petitioner drove away from the scene of the shooting immediately after he shot Hodges. Therefore, the undisputed evidence shows that if Petitioner believed he was in

danger, he could have easily retreated by driving away. As such, Petitioner cannot show that he was prejudiced by counsel's failure to interview Henderson before she advised him to enter his guilty plea, as Henderson's testimony actually supported trial counsel's opinion that Petitioner could not prevail on a claim of complete self-defense at trial. Further, Henderson's statements to investigators attached to the Government's response to Petitioner's traverse would have been used to impeach his later statements that Hodges was holding the handsaw as he approached Petitioner. Thus, Petitioner has not established that he had a substantial claim of ineffective assistance of trial counsel arising out of her failure to discover a potential complete self-defense theory by interviewing Henderson. Petitioner, therefore, has failed to show that he is entitled to relief from the procedural default of his claim based on ineffective assistance of motion counsel. Martinez, 133 S. Ct. at 1318 (petitioner seeking to be excused from procedural default must show he was prejudiced by motion counsel's representation). In short, Petitioner's claim is procedurally defaulted, and he has not shown cause for the default. The Court is thus barred from considering it on the merits. Coleman, 501 U.S. at 750. Moreover, even if the Court were to consider Petitioner's claim on the merits, the claim would fail for the same reasons discussed more fully above. Strickland, 466 U.S. at 687-94; McLaughlin, 2016 WL 1106884, at *9 (prejudice under Martinez and prejudice under Strickland may be separate inquiries, but they overlap, and may be redundant in some cases)

### IV. Evidentiary Hearing

In his traverse to his reply, Petitioner seeks an evidentiary hearing. In light of the Court's conclusion that Petitioner has not established cause to excuse the procedural default of his sole claim for relief, an evidentiary hearing is unnecessary in this matter. 28 U.S.C. § 2254 (district court is barred from considering defaulted claims); Dansby v. Hobbs, 766 F.3d 809, 834 (8th Cir.

2014) (district courts are not obligated to hold evidentiary hearings before dismissing habeas claims that are procedurally barred or meritless); cf. Sasser v. Hobbs, 735 F.3d 833, 853-54 (8th Cir. 2013) (finding the procedural default of four potentially meritorious ineffective-assistance-of-trial-counsel claims excused under Martinez and reversing district court's denial of request for evidentiary hearing on those claims). Petitioner's request for an evidentiary is denied.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Deraughn Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A judgment dismissing this case is filed herewith.

Dated this 30th day of September, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**