UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No: 16-4211
_____

Deraughn Brown

Petitioner - Appellant

v.

Terry Russell

Respondent - Appellee
_____

No: 17-1592
_____

Deraughn Brown

Petitioner

v.

James Hurley, in his official capacity as Warden, N.E.C.C.

Respondent

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis
(4:13-cv-01515-JAR)
(4:13-cv-1515-JAR)
_____

**JUDGMENT**

Before RILEY, ARNOLD and BENTON, Circuit Judges.

Upon careful review of the record and the issues in this case, including the procedural-default issues, we grant a certificate of appealability. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 478

(2000) (COA requirements); see also Martinez v. Ryan, 132 S.Ct. 1309, 1318 (2012) (ineffective assistance at state collateral proceeding may establish cause for default of trial-related ineffective-assistance claim if state requires those types of claims to be presented in collateral proceeding and if trial-related ineffective-assistance claim has "some merit"). We further vacate the judgment, and we remand the case to the district court for further proceedings, which—at the district court's discretion—may include an evidentiary hearing.

On remand, the district court should address Mr. Brown's claims that his trial counsel was ineffective in failing to investigate a potential witness (Keith Henderson), and failing to advise Mr. Brown regarding a possible "sudden passion" defense based on testimony that Mr. Henderson would have provided. We direct the district court to consider Mr. Brown's assertion that—if trial counsel had investigated the witness and provided advice regarding a "sudden passion" defense—counsel likely would have made a different plea recommendation, and Mr. Brown likely would have proceeded to trial, because a successful "sudden passion" defense ultimately could have had a significant favorable impact on Mr. Brown's parole eligibility. Cf. Garmon v. Lockhart, 938 F.2d 120, 121–22 (8th Cir. 1991) (parole eligibility can be a source of prejudice, especially if defendant stressed parole in decision to plead guilty).

We deny Mr. Brown's pending motion seeking to assert new claims related to his prosecution as an adult, because adding those claims requires authorization under 28 U.S.C. § 2244(b)(2)(A)-(B), and he does not meet the criteria. We additionally deny his separate application for authorization to bring a successive habeas petition.

April 12, 2017

Order Entered at the Direction of the Court:

Clerk, U.S. Court of Appeals, Eighth Circuit.

_____
              /s/ Michael E. Gans