# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DERAUGHN BROWN,                     )
                                    )
          Petitioner,               )
                                    )
     vs.                            )          Case No. 4:13-cv-01515-JAR
                                    )
TERRY RUSSELL,                      )
                                    )
          Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Deraughn Brown's Application for a Certificate of Appealability ("COA"). (Doc. 87.) For the following reasons, Petitioner's Application is **DENIED**.

## I. Discussion

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a federal constitutional right. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir.1994).

In his habeas petition, Petitioner argued two instances of ineffective assistance of trial counsel. First, he alleged that counsel failed to adequately explain a potentially meritorious sudden-passion defense and the resulting effect on Petitioner's range of punishment. Petitioner argued that he would have gone to trial on the sudden-passion defense had trial counsel advised him that doing so could have resulted in a conviction on a lesser-included offense that corresponded to a shorter prison term, and earlier parole eligibility. Second, Petitioner argued

that counsel failed to interview Keith Henderson, a witness who would have testified in support of Petitioner's sudden-passion defense. (Docs. 1, 5.) Following an evidentiary hearing, this Court concluded that trial counsel's advice to forgo a sudden-passion defense and accept a blind plea was strategically reasonable and therefore denied the petition.[1]

This Court finds and believes that its conclusion is not debatable. To state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate both that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* There is a strong presumption that counsel's "challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Trial counsel credibly testified, both before this Court and in state court, that she considered and eliminated a sudden-passion defense (though she referred to the concept as "imperfect self-defense") because she had no credible witness who could testify in support of the theory. Trial counsel could not offer Petitioner or the woman who was with him at the time of the shooting because prosecutors had recordings of numerous jailhouse phone calls in which Petitioner was coaching the woman on what to say and attempting to fabricate evidence. Putting either on the stand would have invited devastating impeachment on cross-examination. In addition, Henderson was not a viable witness. Although Petitioner presented an affidavit bearing Henderson's name and attesting that, had he been called, Henderson would have testified that the victim was brandishing a weapon when Petitioner shot him, Henderson testified before this Court that he had never seen the affidavit, had not signed it, and did not see what it says he saw. The

_____

[1] The Court initially concluded that Petitioner's sole ground was procedurally defaulted but

2

Court could not avoid concluding that the affidavit filed by Petitioner was fraudulent. For her part, trial counsel testified that she did not interview Henderson because his signed police statement indicated that he had not seen the shooting and Henderson did in fact testify that his statement to police was true and accurate. The Court found him credible.

On the other hand, this Court, like the state court before, found not credible Petitioner's testimony that he had directed trial counsel to interview Henderson and that she failed to discuss a sudden-passion defense. The Court reiterates that Petitioner stated at his plea hearing that he was completely satisfied with trial counsel's representation and that Petitioner benefitted significantly from trial counsel's advice when he received a sentence much shorter than the twenty-year plea offer from the government. Moreover, Petitioner's only "evidence" in support of his claim is the forged affidavit, which he presented as genuine to both this Court and the Eighth Circuit Court of Appeals. Lacking any credible evidence that interviewing Henderson would have led trial counsel to pursue a sudden-passion defense, Petitioner cannot show that trial counsel's failure to do so prejudiced him. Without Henderson, counsel had no credible witness to support that defense and her advice to enter a blind plea was therefore sound. The Court concludes that this issue could not be resolved differently.

## II. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Deraughn Brown's Application for a COA (Doc. 87) is **DENIED**.

Dated this 29 th day of May, 2018.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

reviewed the merits of his claim in light of the Eighth Circuit's express instruction to do so.